**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | | |
|---|---|---|
| **AHLAM K. ARY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. _____** |
| **vs.** | ) | |
| | ) | **Removed from the Chancery Court of** |
| **MIDFIRST BANK** | ) | **the Twentieth Judicial District,** |
| **a/k/a MIDLAND MORTGAGE and** | ) | **Davidson County, Tennessee, at** |
| **WEISS & CUMMINS, PLLC,** | ) | **Nashville** |
| | ) | **Case No. 17-0371-IV** |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendant MidFirst Bank, including its division Midland Mortgage ("MidFirst"), pursuant to 28 U.S.C §§ 1331, 1441, and 1446, hereby removes this action from the Chancery Court of Davidson County, Tennessee, to the United States District Court for the Middle District of Tennessee. As grounds for removal, MidFirst states as follows:

1.     On May 12, 2017, Plaintiff filed a Complaint against MidFirst in the Chancery Court for Davidson County, Tennessee, Case No. 17-0371-IV.

2.     MidFirst was served with a copy of the Complaint on May 16, 2017. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in this action is attached hereto as **Exhibit A**.

3.     Title 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4.     The United States District Court for the Middle District of Tennessee is the

appropriate court for filing a Notice of Removal from the Chancery Court of Davidson County.

5.      Co-Defendant Weiss & Cummins, PLLC has consented to removal of this action.

6.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      In the First Amended Complaint, Plaintiff asserts a federal claim for violation of the 12 U.S.C. § 2601, *et seq*, and its governing regulations, Regulation X, 12 C.F.R. Part 1024. First Am. Compl. ¶¶ 67–8.  This Court has original jurisdiction over that federal claim under 28 U.S.C. § 1331 and has supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367.

8.      This removal is timely under 28 U.S.C. § 1446(b) because MidFirst has filed this Notice of Removal within thirty (30) days after the date MidFirst was served with the First Amended Complaint.

9.      Pursuant to 28 U.S.C. § 1446(d), MidFirst will file a copy of this notice of removal with the Chancery Court of Davidson County and will also provide a copy of this notice to Plaintiff.

WHEREFORE, MidFirst respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court for Davidson County to the United States District Court for the Middle District of Tennessee.

Respectfully submitted,

*/s/ Heather H. Wright*

Heather H. Wright (BPR No. 30649)
Brian R. Epling (BPR No. 34728)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
Telephone: (615) 252-2342
Fax: (615) 252-6342
Email: hwright@bradley.com
Email: bepling@bradley.com

*Attorneys for Defendant MidFirst Bank, including its division Midland Mortgage*

2

## CERTIFICATE OF SERVICE

       I hereby certify that on June 15, 2017, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system and served via first-class U.S. mail, postage prepaid, upon the parties indicated below. Parties may also access this filing through the Court's ECF system.

|  |  |
|---|---|
| David Tarpley | Elizabeth Cash |
| Samuel Keen | 208 Adams Avenue |
| 300 Deaderick Street | Memphis, Tennessee 38103 |
| Nashville, Tennessee 37201 | |

*/s/ Heather H. Wright*
Heather H. Wright